## Case No. 4,255.

### EASTMAN v. BODFISH.

[1 Story, 528;[1] 2 Robb, Pat. Cas. 72.]

Circuit Court, D. Maine. May Term, 1841.

Mr. Deblois, for plaintiff,

Fox & Codman, a contrâ,

---

[1] [Reported by William W. Story, Esq.]

STORY, Circuit Justice. I have no doubt whatsoever in the present case. By the frame of the declaration, the right of action is exclusively founded upon the act of 1835; and there is nothing in the declaration, which points to any breach under the old patent, which expired on the 15th of March, 1834. In short, I cannot understand, that the declaration purports to found any claim under the old patent, but the latter is merely recited as introductory to the right and title under the act of 1835, and the violation thereof. If the plaintiff intended to have made any claim under the old patent, he should have filed a distinct and independent count. Moreover, I am of opinion in this case, that the plaintiff has by the breach, as stated in the declaration, tied himself up to a violation of the patent right within three years and eight months before the date of the writ; that is, before the 13th of January, 1838. In cases under the patent laws, I conceive, that the plaintiff is confined to giving evidence of the making, constructing, or using the invention in violation of his patent right during the period, which he specifies in his declaration. If it were otherwise, the recovery in the suit would be no bar to another action for any anterior breach, since it could not judicially appear, that any damages had been recovered for any such anterior breach; and the form of the declaration itself, specifying the term, would repel any presumption to the contrary. Besides, the length of time of the use is, or at least may be, a very material ingredient in the ascertainment and assessment of the damages by the jury; and the plaintiff ought to give notice by his declaration of the term of the user, for which he seeks damages. It is by no means true, that the specification of time is in all cases immaterial to be proved, as laid in the declaration. Wherever time is material, not only in matters of contract, but in matters of tort, the plaintiff is strictly bound by that time. Now, in trespass with an allegation of a continuando, or diversis diebus, if the plaintiff insists upon proving repeated acts of trespass, he will not be allowed to give evidence thereof, unless committed within the time specified. 1 Chit. Pl. (3d Ed.) p. 258; 1 Wms. Saund. p. 24, note 1; Brook v. Bishop, 2 Ld. Raym. 823; Monckton v. Pashley, Id. 974, 976; Com. Dig. "Pleader," C, 19; 2 Starkie, Ev. (2d Lond. Ed.) 210. In truth, the usual mode of declaring in actions for an infringement of a patent is, to allege, that the defendant on such a day (naming it) "and on divers other days and times between that day and the day of the commencement of the suit (or exhibiting the bill) did unlawfully, &c. make and sell and use, &c." 2 Chit. Pl. (3d Ed.) pp. 356, 357; Phil. Pat. (Ed. 1837) p. 522. The District Judge concurred in this opinion.

Mem. The cause afterwards proceeded before the jury, who found a verdict for the defendant.